IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MILAN JAMES BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-11835 |
| | ) | |
| THOMAS J. DART, | ) | |
| SHERIFF OF COOK COUNTY, and | ) | **JURY TRIAL DEMANDED** |
| COOK COUNTY ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

### FIRST AMENDED COMPLAINT

Plaintiff, MILAN JAMES BROWN, by and through his undersigned attorneys, complains against Defendants THOMAS J. DART, SHERIFF OF COOK COUNTY, and COOK COUNTY ILLINOIS, as follows:

### NATURE OF ACTION

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2. Plaintiff, Milan James Brown ("Brown"), was an inmate in the Cook County Jail ("CCJ") serving time for a probation violation and was due to be released on or about September 12, 2013. Instead, due to the complete disorder of the CCJ and policies implemented by the Sheriff, he remained incarcerated in deplorable conditions until December 16, 2013, three months after he had served his debt to society.

3. CCJ staff failed to accurately record his release date and informed Brown in approximately August 2013 that he would not be released until March 4, 2014. On September 10, 2013, Brown filed a Petition for Writ of Habeas to address the apparent error, but CCJ staff failed to transport him to court for the first three times the Petition was to be heard resulting in two additional months of imprisonment. On December 16, 2013, the Petition was finally heard

and he was released that day.

4. Defendants' actions constitute violations of 42 U.S.C. §1983.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1343. This is a suit authorized and instituted pursuant to the Act of Congress known as the "Civil Rights Act of 1991," and the "Civil Rights Act of 1866," 42 U.S.C. § 1983.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

## PARTIES

7. At all times relevant to this Complaint, Plaintiff was a resident of Chicago, Illinois.

8. Defendants are the Sheriff of Cook County, Thomas J. Dart and Cook County, Illinois. The Sheriff is sued in his official capacity only. The County is joined pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

9. Defendants are legally responsible, in whole or in part, for the operation and conditions of the CCJ and for the health and safety of persons incarcerated there.

10. At all relevant times, Defendants or their predecessors in office have failed to act or acted, as alleged herein, under color of law.

## FACTS COMMON TO ALL COUNTS

11. Plaintiff suffered severe damages as a direct and proximate result of Defendants' illegal conduct, as alleged herein.

12. All allegations herein are pled in the alternative to the extent necessitated for viable construction under applicable federal law.

13. On or about July 19, 2013, Plaintiff was sentenced to 300 days total, running concurrently with another sentence, plus with credit for time served, thus totaling approximately 79 additional days of imprisonment. (July 19, 2013 Transcript attached hereto as Exhibit "A" and incorporated herein)

14. The Court stated "The sentence ends on September 12."

15. On September 10, 2013, after being informed by CCJ staff that his release date was March 4, 2014, Plaintiff filed a Petition for Writ of Habeas Corpus so he could be released on September 12, 2013 as ordered by the Court on July 19, 2013.

16. The Petition for Writ of Habeas Corpus was set for hearing on October 10, 2013. (The Petition for Writ of Habeas Corpus attached hereto as Exhibit "B" and incorporated herein).

17. On October 10, 2013, CCJ staff refused to transport Plaintiff to Court and the petition was continued to October 24, 2013.

18. On October 24, 2013, CCJ staff again refused to transport Plaintiff to Court and the petition was continued to October 31, 2013.

19. On October 31, 2013, CCJ staff yet again refused to transport Plaintiff to Court and the petition was continued to November 4, 2013.

20. On November 4, 2013, CCJ staff finally transported Plaintiff to Court but the judge was unable to hear the Petition and the matter was continued again to December 16, 2013.

21. Finally, on December 16, 2013, three months after filing the petition, and over three months after he was supposed to be discharged, Plaintiff was able to present his Petition.

22. The Court stated on December 16, 2013: "[E]verybody agreed it was 300 days, and the only issue was when it would start and when it would end, and there was no argument about the fact that it should end like September 12th.... **Now he is in jail three months longer**

**than I thought he would be in jail. I thought he was getting out on September 12**" (Transcript of December 16, 2013 hearing attached hereto as Exhibit "C" and incorporated herein) (Emphasis added).

23. On December 16, 2013, the Court ordered him released on bond and set the matter for hearing on January 14, 2013.

24. On January 17, 2013, Plaintiff was re-sentenced with time served thus ending the ordeal and confirming the failures of the CCJ.

25. At all times relevant to this complaint, the shower walls in the CCJ were covered in mold and mildew.

26. At all times relevant to this complaint, the CCJ was infested with cockroaches and rats.

27. At all times relevant to this complaint, water leaked through the ceiling and the hallways of CCJ causing mold to accumulate.

28. Defendants have repeatedly and consistently disregarded the health and safety of inmates such as Plaintiff as detailed in the letter issued by Acting Attorney General Grace Chung Beck and United States Attorney Patrick J. Fitzgerald on July 11, 2008 attached hereto as Exhibit "D" and incorporated herein.

29. The policy or practice followed by Defendants for failing to bring individuals who file petitions for habeas corpus and not accurately tracking the release dates for inmates causes an unreasonable length and manner of detention in violation of the Constitution. Among other things, Defendants policy or practice is to detain individuals such as Plaintiff creates a serious risk that the individual unnecessarily exposed to the inhuman conditions of the Cook County Jail. These and other aspects of Defendants' policies or practices resulted in Plaintiff spending over

three months wrongfully incarcerated and is therefore unconstitutional.

## COUNT I
## CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1983-UNLAWFUL POLICY OR PRACTICE OF DEPRIVATION OF LIBERTY

30. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 29 of the Complaint as Paragraph 30 of Count I of the First Amended Complaint as though fully set forth herein.

31. Defendants maintain a policy or practice of holding in custody free citizens such as Plaintiff after their time is served, failing to transport prisoners to court dates, and failing to keep accurate records of when inmates should be released with deliberate indifference to their constitutional rights, constituting violations of 42 U.S.C. §1983.

32. The aforementioned policy or practice deprived Plaintiff of liberty without due process, in violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

33. The aforementioned policy or practice deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws, in violation of 42 U.S.C. §1983.

34. The aforementioned policy or practice was carried out under color of custom or usage of State law and Plaintiffs' constitutional rights were violated under the color of State law.

35. Defendants' conduct is intentional, deliberate, willful, and conducted with disregard for the rights of the Plaintiff.

36. In fact, Defendants have been sued on at least four prior occasions for, among other things, their unconstitutional policy or practice of detaining individuals who have served their full sentence, have been acquitted, or for inhumane conditions in the jail. *See Watson v. Sheahan, et al.*, Case No. 94-cv-6891 (N.D. Ill.), *Bullock v. Dart, et al.*, Case No. 04-cv-1051

(N.D. Ill.), and *Otero v. Dart et al,* Case No. 1:12-cv-03148 (N.D. Ill.), *United States v. Dart et al*, 1:10-cv-02946 (N.D. Ill.).

37. Defendants continue to ignore the rights of citizens of Cook County despite being put on notice of their unconstitutional polices or practices and paying millions of dollars to settle prior actions challenging those polices or practices.

38. As a direct and proximate cause of Defendants' policy or practice of detaining, holding in custody, or imprisoning free citizens for unreasonable amounts of time, failing to transport inmates to court, and failing to keep accurate records of when inmates are to be released, Plaintiff has experienced extreme harm, including actual damages, emotional distress damages and other damages.

WHEREFORE, Plaintiff, MILAN JAMES BROWN, respectfully requests that this Court enter judgment against Defendants, THOMAS J. DART, SHERIFF OF COOK COUNTY, and COOK COUNTY ILLINOIS, for compensatory and punitive damages in an amount in excess of $100,000 plus attorney fees, costs, and for any and all other relief that this Court deems necessary and appropriate under the circumstances.

## COUNT II
## 42 U.S.C. § 1983-WILLFUL AND WANTON DEPRIVATION OF LIBERTY

39. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 29 of the Complaint as Paragraph 39 of Count II of the First Amended Complaint as though fully set forth herein.

40. Defendants failed to performing their duties and failed, neglected and/or refused to properly and fully discharge their responsibilities by, among other willful and wanton act and omissions:

6

      a. Failing to maintain accurate records of Brown's release date;

      b. Failing to communicate with Court staff regarding length of Brown's sentence;

      c. Failing to accurately calculate time served and time served concurrently;

      d. Willfully refusing Brown's requests to attend a hearing on his Petition for a Writ of Habeas Corpus;

      e. Failing to transport Brown to court; and

      f. Failing to maintain accurate records of when Brown needed to go to court.

41. The aforementioned willful and wanton acts and omissions deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws, in violation of 42 U.S.C. §1983.

42. Despite being put on notice of their disastrous operation of the CCJ and paying millions of dollars to settle prior actions as a result of their willful and wanton acts, Defendants ignored the rights of Milan James Brown.

43. As a direct and proximate cause of Defendants' willful and wanton acts and omissions, Plaintiff has experienced extreme harm, including actual damages, emotional distress damages and other damages.

WHEREFORE, Plaintiff, MILAN JAMES BROWN, respectfully requests that this Court enter judgment against Defendants, THOMAS J. DART, SHERIFF OF COOK COUNTY, and COOK COUNTY ILLINOIS, for compensatory and punitive damages in an amount in excess of $100,000 plus attorney fees, costs, and for any and all other relief that this Court deems necessary and appropriate under the circumstances.

## COUNT III
## STATE LAW CLAIM-FALSE IMPRISONMENT

44.  Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 29 of the Complaint as Paragraph 44 of Count III of the First Amended Complaint as though fully set forth herein.

45.  Defendants, intentionally and unlawfully deprived Milan James Brown of his liberty by (1) holding him for three months beyond his out date; and (2) failing to take him to court for a hearing on his Petition for Writ of Habeas Corpus after multiple requests.

46.  Plaintiff never consented to Defendants' detention of him after his time was served.

47.  As a direct and proximate cause of Defendants' depriving Plaintiff of his liberty, Plaintiff has experienced extreme harm, including actual damages, emotional distress damages and other damages.

WHEREFORE, Plaintiff, MILAN JAMES BROWN, respectfully requests that this Court enter judgment against Defendants, THOMAS J. DART, SHERIFF OF COOK COUNTY, and COOK COUNTY ILLINOIS, for compensatory and punitive damages in an amount in excess of $100,000 plus costs, and for any and all other relief that this Court deems necessary and appropriate under the circumstances.

## COUNT IV
## (42 U.S.C. § 1983 –UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT)

48.  Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 29 of the Complaint as Paragraph 48 of Count IV of the First Amended Complaint as though fully set forth herein.

49.  The conditions of Plaintiff's confinement in the CCJ from July 19, 2013 to

December 16, 2013 (both before and after he served his sentence in full) posed a substantial risk to Plaintiff's health.

50. The Defendants by and through their employees and agents, were aware of the risks to Plaintiff's health and consciously disregarded those risks.

51. The conditions that Plaintiff suffered while being held in the CCJ before and after serving his full sentence denied Plaintiff his constitutional right to due process of law, in violation of the Fourteenth Amendment.

52. The conditions that Plaintiff suffered while being held in the CCJ constituted cruel and unusual punishment, in violation of the Eighth Amendment.

WHEREFORE, Plaintiff, MILAN JAMES BROWN, respectfully requests that this Court enter judgment against Defendants, THOMAS J. DART, SHERIFF OF COOK COUNTY, and COOK COUNTY ILLINOIS, for compensatory and punitive damages in an amount in excess of $100,000 plus attorney fees, costs, and for any and all other relief that this Court deems necessary and appropriate under the circumstances.

## COUNT V
### (42 U.S.C. § 1983 – UNLAWFUL POLICY OR PRACTICE OF UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT)

53. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 29 and Paragraphs 48 through 52 of the Complaint as Paragraph 53 of Count V of the First Amended Complaint as though fully set forth herein.

54. At all times material to this Complaint, there existed the following practices, policies, and customs within the CCJ:

a. A custom of exhibiting a conscious disregard for the health and welfare of detainees;

b. Failure to provide heated cells to all inmates;

      c. Failure to clean showers on a regular basis;

      d. Failure to exterminate rats and cockroaches; and

      e. Failure to prevent the accumulation of dangerous mold spores.

55.    The actions of the correctional officers as alleged in this Complaint were done pursuant to, and as a result of the de facto practices listed above, policies and customs.

56.    Defendant THOMAS DART has final policy-making authority and is responsible for the above-described policies, practices and customs.

57.    The practices, policies and customs described above are widespread, permanent and wellsettled, and were known, or should have been known, to the policy-makers of the Cook County Department of Corrections.

58.    THOMAS DART acted with deliberate indifference to the rights of Plaintiff in maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

59.    By his inaction and failure to correct the above-described practices, policies and customs, THOMAS DART tacitly approved and thus indirectly authorized the type of misconduct Plaintiff complains of herein.

WHEREFORE, Plaintiff, MILAN JAMES BROWN, respectfully requests that this Court enter judgment against Defendants, THOMAS J. DART, SHERIFF OF COOK COUNTY, and COOK COUNTY ILLINOIS, for compensatory and punitive damages in an amount in excess of $100,000 plus attorney fees, costs, and for any and all other relief that this Court deems necessary and appropriate under the circumstances.

        Respectfully submitted,

        **MILAN JAMES BROWN**,
        Plaintiff

        By: ___/*Alexander N. Loftus*_____
             One of His Attorneys

Alexander N. Loftus, Esq.
VOELKER LITIGATION GROUP
311 W. Superior Street, Suite 500
Chicago, Illinois 60654
T: (312) 870-5430
F: (312) 870-5431
alex@voelkerlitigationgroup.com

Dated: June 14, 2016