UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MILAN JAMES BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 C 11835 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| THOMAS J. DART, SHERIFF OF COOK | ) | |
| COUNTY, and COOK COUNTY, ILLINOIS | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Milan James Brown, a former inmate at Cook County Jail, brings this civil-rights lawsuit against Cook County Sheriff Thomas Dart, as well as the County itself.[1] *See* R. 8, First Am. Compl.[2] In his complaint, Brown generally alleges that the Defendants unlawfully imprisoned him in the Jail beyond the term of his sentence and subjected him to inhumane prison conditions. *Id.* Brown asserts that the Defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution and falsely imprisoned him in violation of Illinois state law. *Id.* The Defendants now move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on the grounds that all of Brown's claims are time-barred. *See* R. 14, Mot. J. Pleadings.

---

[1]This Court has subject matter jurisdiction over the Section 1983 claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the state-law claim under 28 U.S.C. § 1367.

[2]Citations to the docket are indicated by "R." followed by the docket entry.

## I. Background

For purposes of this motion, the Court accepts as true the factual allegations in Brown's First Amended Complaint. *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012). On July 19, 2013, Brown was sentenced to 300 days' imprisonment after he violated parole. First Am. Compl. ¶ 13. With 221 days of good-time credit as of that date, Brown had about 79 days of his sentence left to serve. *Id.* After accounting for his good-time credit, the sentencing judge set Brown's release date for September 12, 2013. *Id.* ¶ 14; *see also* R. 8-1, 07/19/13 Sentencing Hr'g Tr. at 8:19-20. Despite this, Cook County Jail employees told Brown in August 2013 that he would not be released until March 4, 2014. First Am. Compl. ¶ 3. (They had failed to record Brown's release date as September 12, 2013. *Id.*) In response to this news, Brown filed a Petition for Writ of Habeas Corpus in state court on September 10, 2013. *Id.* The hearing on his petition was initially set for October 10, 2013, but had to be rescheduled three times because Cook County Jail employees allegedly refused to take Brown to court.[3] *Id.* ¶¶ 16-19. Finally, on December 16, 2013, more than three months past his original release date, Brown appeared before the sentencing judge to present his petition. *Id.* ¶¶ 21-22.

At the hearing, the sentencing judge recalled that at the July 19, 2013 hearing, everyone—Brown, the prosecutor, and the judge—agreed that Brown would be released around September 12, 2013. First Am. Compl. ¶ 22; R. 8-3, 12/16/13 Petition for Writ of Habeas Corpus Tr. at 4:22-5:2. After observing that

---

[3]The state court also rescheduled Brown's hearing one time: on November 4, 2013, Cook County Jail staff took Brown to court to present his petition, but the court continued the hearing to December 16, 2013. *Id.* ¶ 20.

"right now [Brown] is in jail three months longer than I thought he would be," the sentencing judge released Brown on a $50,000 "I-bond" and scheduled a re-sentencing hearing for January 17, 2014. 12/16/13 Petition for Writ of Habeas Corpus Tr. at 6:11-15; *see also* First Am. Compl. ¶ 23. On January 17, the sentencing judge reaffirmed that Brown should have been released on September 12, 2013 and ordered his bond discharged. First Am. Compl. ¶ 24.

Based on these allegations, Brown asserts five counts against the Defendants. *See* First Am. Compl. In Counts One and Two, Brown brings a Section 1983 claim against Dart and Cook County respectively, alleging that the Defendants violated the Fourth and Eighth Amendments when they failed to account for his good-time credit. *Id.* ¶¶ 30-43. Count Three is an Illinois state-law false imprisonment claim against the Defendants. *Id.* ¶¶ 44-47. And in Counts Four and Five, Brown brings a Section 1983 claim against Dart and Cook County respectively, alleging that the conditions of confinement at Cook County Jail violated the Eighth Amendment's ban against cruel and unusual punishment.[4] *Id.* ¶¶ 48-59. The Defendants move for judgment on the pleadings as to all of Brown's claims, asserting that the claims were brought too late under the applicable statutes of limitations.

---

[4]In addition to his over-incarceration allegations, Brown also alleges that the Defendants "disregard[ed] the health and safety of inmates" by failing to tend to mold and mildew outbreaks, cockroach and rat infestations, and water leaks at Cook County Jail. First Am. Compl. ¶¶ 25-28.

3

## II. Standard of Review

A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Hayes*, 670 F.3d at 813. In ruling on a motion for judgment on the pleadings, the Court must accept all well-pled allegations as true and view the alleged facts in the light most favorable to the non-moving party. *Id.* Judgment on the pleadings is proper if it appears beyond doubt that the non-moving party cannot prove any set of facts sufficient to support his claim for relief. *Id.* In ruling on a motion for judgment on the pleadings, the Court considers the pleadings alone, which consist of the complaint, the answer, and any documents attached as exhibits. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

## III. Analysis

The Defendants' motion boils down to one issue: when did Brown's Section 1983 claims and his Illinois false-imprisonment claim accrue? Brown's Section 1983 claims are subject to a two-year statute of limitations, *see Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) ("A two-year statute of limitations generally applies to personal injury actions in Illinois, 735 ILCS 5/13–202; thus, § 1983 claims in Illinois are also governed by a two-year limitations period[.]" (citation omitted)), and his state-law false imprisonment claim is subject to a one-year statute of limitations, *see* 745 ILCS 10/8-101 ("No civil action … may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one

4

year from the date that the injury was received or the cause of action accrued."); *see also Long v. Williams*, 155 F. Supp. 2d 938, 943-44 (N.D. Ill. 2001) (applying one-year statute of limitations to common-law false imprisonment claim). The Defendants maintain that all of Brown's claims accrued—so the statute of limitations began to run—on September 12, 2013, as soon as Brown was held past his release date. R. 15, Defs.' Br. at 3-5. Alternatively, they assert that his claims accrued on December 16, 2013, when the sentencing judge released Brown on a bond. *Id.* Because Brown did not file the complaint until December 30, 2015, the Defendants argue that even if Brown's claims did not accrue until December 16, 2013, all of his claims are nonetheless time-barred. *Id.* Brown disagrees. He contends that his claims accrued on January 17, 2014, when the state court judge finally resentenced him and ordered his bond discharged. R. 23, Pl.'s Resp. Br. at 3-5. The Court addresses the date of accrual for Brown's Section 1983 claims and his state-law claim in turn.[5]

**A. Brown's Section 1983 Claims**

Although Illinois state law is borrowed and sets the limitations period for the Section 1983 claims, federal law governs the date of accrual. *Kelly v. City of Chi.*, 4 F.3d 509, 511 (7th Cir. 1993). "Accrual is the date on which the statute of limitations begins to run." *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 450 (7th Cir. 1990). Typically, a cause of action accrues when "the wrong that injures the plaintiff occurs." *Id.* In instances where the plaintiff does not discover his injuries

---

[5]A statute of limitations defense may be raised in a Rule 12(c) motion so long as "the relevant dates are set forth unambiguously in the complaint," *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009), which is the case here.

5

until *after* the alleged wrong occurs, however, the "discovery rule" kicksin to "postpone[] the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured ... ." *Id.* Applying the discovery rule in the civil-rights context means that a Section 1983 claim accrues "'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004) (quoting *Kelly,* 4 F.3d at 511).

Here, Brown asserts that he was over-incarcerated in violation of his Fourth, Eighth, and Fourteenth Amendment rights. First Am. Compl. ¶¶ 2-3, 29, 31, 40, 54. Based on the allegations in the complaint, Brown knew he had suffered those constitutional injuries as soon as he was held past his September 12, 2013 release date. *Id.* ¶ 3. In fact, sometime in August 2013, Cook County Jail gave Brown a heads-up that his release date would be March 4, 2014, not September 12, 2013. *Id.* This unwelcome surprise prompted Brown to file a habeas petition on September 10, 2013 to correct the error. *Id.* So, as of September 12, 2013, Brown had everything he needed—namely, notice that his constitutional rights had been violated when Cook County Jail refused to release him that day—to bring this civil-rights action. *See Hileman*, 367 F.3d at 696 ("[T]he date on which the plaintiff could have sued for [her] injury … should coincide with the date the plaintiff 'knows or should know' that her rights were violated." (quoting *Kelly*, 4 F.3d at 511)). Because

6

Brown did not file his complaint until December 30, 2015, his Section 1983 false imprisonment claims are time-barred.[6]

To push out the accrual date, Brown asserts that his false imprisonment ended on January 17, 2014, when the sentencing judge discharged the $50,000 I-bond.[7] *See* Pl.'s Resp. Br. at 3-5. The idea here is that being on bail is something akin to imprisonment, so the accrual of the claim would not begin until Brown was discharged from bail and completely free of the criminal justice system. *Id.* But being placed on bond alone does not amount to false *imprisonment. See Albright v. Oliver*, 975 F.2d 343, 346 (7th Cir. 1992) (concluding that releasing an arrestee on bond but confining him to the state of Illinois "would not be a sufficient deprivation of liberty to actuate constitutional remedies" where arrestee could leave the state by obtaining leave of court), *aff'd on other grounds*, 510 U.S. 266 (1994); *Williams v. City of Chi.,* 2014 WL 3787422, at *3 (N.D. Ill. July 30, 2014) (holding that the statute of limitations for a false imprisonment claim began to run on the date the plaintiff was placed on an I-bond and released from custody).[8] So, at the very latest,

---

[6]Brown also asserts that he was subject to inhumane prison conditions in violation of the Eighth and Fourteenth Amendments. First Am. Compl. ¶¶ 25-27, 29, 48-59. But even assuming that the alleged conditions lasted through the very last day of Brown's imprisonment, the latest that the prison-conditions claims accrued was December 16, 2013, which is the day that he was released on bond. So those claims are also time-barred under the two-year statute of limitations.

[7]A $50,000 I-bond is a personal recognizance bond—the individual who signs the bond pays nothing, but the Sheriff can collect the full bail amount if the individual fails to appear in court while out on release. *See People v. Stewart*, 406 N.E.2d 53, 55 & n.1 (Ill. App. Ct. 1980).

[8]In *Hernandez v. Sheahan,* the plaintiff asserted that his false imprisonment claim accrued when he was released from electronic monitoring custody, not the date he was released on bond. 1993 WL 257486, at *6 (N.D. Ill. July 8, 1993). The district court agreed, reasoning that "[the plaintiff's] freedom of movement or liberty was restrained from March 3, 1992 to March 19, 1992 by his having to wear at all times an electronic monitoring device

7

Brown's claims accrued when the sentencing judge released Brown on bond on December 16, 2013, *see Williams,* 2014 WL 3787422, at *3, not later in January 2014 when his bond was discharged.

Next, Brown invokes the holding of *Heck v. Humphrey,* 512 U.S. 477, 487 (1994), as another reason why the false-imprisonment claim did not accrue until he was discharged from bond in January 2014. In recognition of the fact that 28 U.S.C. § 2254 is the exclusive means to challenge a state conviction or state sentence, *Heck* holds that a plaintiff cannot bring a Section 1983 claim if victory on that claim would necessarily imply the invalidity of the conviction or sentence. 512 U.S. at 487 ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."). A corollary of that holding is that a claim could accrue *after* a court sets aside the conviction or sentence. Put another way, the *Heck* rule for deferred accrual "delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction [or sentence] which success in that tort action would impugn." *Wallace*, 549 U.S. at 393; *see also Heck,* 512 U.S. at 487. Here, Brown argues that *Heck* deferred the accrual of his false imprisonment claim until the date he was discharged from bond: "Any ruling by a civil court prior to January 17, 2014 would necessarily implicate the validity of [Brown's] continued

---

that prohibited him from leaving his home." *Id. Hernandez* is inapplicable here, however, because there is no suggestion that Brown was subject to any similar conditions of release while he was out on bond.

incarceration. … In this case, the alleged deprivation of liberty was [not] valid until the criminal court ruled on January 17, 2014 and released the bond and re-sentenced Brown to time served." Pl.'s Resp. Br. at 3-4.

The problem with Brown's deferred-accrual argument is that the bar in *Heck* would *not* have barred him from bringing his false imprisonment claim the moment he stayed too long in jail, that is, the day after September 12, 2013. Victory on the false-imprisonment claim in federal court would not have implied the invalidity of the state-court sentence; to the contrary, Brown was trying to *enforce* the proper sentence, not invalidate it. The entire point of Brown's false-imprisonment claim is that Jail officials *misapplied* the sentence. Because a judgment in Brown's favor on his constitutional claims would not have implied the invalidity of his conviction or sentence, the deferred accrual in *Heck* does not apply. *See Heck,* 512 U.S. at 487; *cf. Reynolds v. Jamison,* 488 F.3d 756, 767 (7th Cir. 2007) (recognizing that "a claim for false arrest, because it does not by its nature call into question the validity of a conviction, may go forward immediately, without nullification of the underlying criminal conviction").

Brown has two more arguments on timeliness.[9] First, he asserts that the continuing violations doctrine postpones the date of accrual for all of his claims until January 17, 2014. Pl.'s Resp. Br. at 5. The continuing violations doctrine postpones the start of the limitations period where the defendant inflicts continuing and accumulating harm, and then allows the plaintiff to recover for all harm caused

---

[9]The Court thanks Brown's recruited *pro bono* counsel for his extensive efforts in representing his indigent client; although ultimately not successful, counsel is commended for creatively presenting arguments on his client's behalf.

9

by the continuing violation, even harm that occurred outside what would otherwise be the limitations period. *See Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). But here, even if the continuing violations doctrine applied, the doctrine would at best postpone the accrual to December 16, 2013, the date that Brown was released from the Jail. As explained earlier, the discharge from bond is not the relevant date for starting the limitations clock, because being on bail without restrictions is not the equivalent of imprisonment.

Brown's final argument is that equitable tolling applies to save his claims. Pl.'s Resp. Br. at 5-6. That doctrine applies "if despite all due diligence [the plaintiff] is unable to obtain vital information bearing on the existence of his claim." *Cada*, 920 F.2d at 451. But, as already discussed above, Brown had all the information he needed to bring his claims as of September 12, 2013. *See supra* Section III.A. at 6. Equitable tolling simply does not apply.

### B. Brown's State-Law False Imprisonment Claim

Brown concedes that his state-law claim for false imprisonment is time-barred under Illinois' one-year statute of limitations, *see* Pl.'s Resp. Br. at 1 n.1 ("Defendants are correct in their argument applying a one-year statute of limitations to Count III and Plaintiff makes no argument that the Complaint was filed within one year of the alleged acts and omissions."), so this claim is also dismissed. It is worth pointing out, however, that the latest possible date on which Brown's common-law false imprisonment claim accrued is December 16, 2013— when Brown was released on bond. *See Harrell v. Sheahan*, 937 F. Supp. 754, 758

(N.D. Ill. 1996) (concluding that the plaintiff's state-law claim for false imprisonment could have accrued on the date that the plaintiff was released from prison). And it could be that the limitations period began to run on that claim as early as September 12, 2013. *See Kitchen v. Burge*, 781 F. Supp. 2d 721, 738 (N.D. Ill. 2011) (plaintiff's state-law false imprisonment claim accrued as soon as "[he] knew that he had been falsely imprisoned"—that is, "when he was first imprisoned"); *Pierce v. Pawelski*, 2000 WL 1847778, at *2 (N.D. Ill. Dec. 14, 2000) (under Illinois law, "Pierce knew, or reasonably should have known, of the facts underlying his false arrest and false imprisonment claims at the time he was arrested. Because he did not file his complaint until May 28, 1998, the court finds that the claims are time-barred."). In any event, whether September 12 or December 16 is the accrual date, Brown failed to file his action within the one-year limit under Illinois law, so his state-law claim is also dismissed.

## IV. Conclusion

For the reasons discussed, the Defendants' motion for judgment on the pleadings, R. 14, is granted. Brown has already amended the complaint, and his

response brief does not suggest need to allow a further amendment, so the dismissal is with prejudice. A separate AO-450 judgment shall be entered, and the status hearing of December 14, 2016 is vacated.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: November 28, 2016